AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
|  ) | Case No.  25-mj-189 |
| Terrance Kelly ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
   ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
      ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
      ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
      ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
      ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
      ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
         **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
   ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
   ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
   ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

❐ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**Part III - Analysis and Statement of the Reasons for Detention**

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

❐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
☑ Participation in criminal activity while on probation, parole, or supervision

❒ History of violence or use of weapons
❒ History of alcohol or substance abuse
❒ Lack of stable employment
❒ Lack of stable residence
❒ Lack of financially responsible sureties
❒ Lack of significant community or family ties to this district
❒ Significant family or other ties outside the United States
❒ Lack of legal status in the United States
❒ Subject to removal or deportation after serving any period of incarceration
❒ Prior failure to appear in court as ordered
❒ Prior attempt(s) to evade law enforcement
❒ Use of alias(es) or false documents
❒ Background information unknown or unverified
❒ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum

Nature and circumstances of offense:

See addendum

The strength of the government's evidence:

See addendum

The defendant's history and characteristics, including criminal history:

See addendum

The defendant's dangerousness/risk of flight:

See addendum

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 09/10/2025                        G. Michael Harvey
                                        United States Magistrate Judge

# <u>U.S. v. Kelly</u>, 25-mj-189 —Detention Order Addendum

**PROCEDURAL HISTORY**

Defendant Terrance Kelly was charged by complaint on August 29, 2025, for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1).  At the detention hearing on September 3, 2025, the government argued for Defendant's detention, while Defendant argued for his release.  At the conclusion of the detention hearing, the Court granted the government's motion, finding that consideration of the four Bail Reform Act factors militate in favor of Defendant's pretrial detention.  This memorandum memorializes the ruling the Court delivered in open court on September 3, 2025.

**DEFENDANT'S ARGUMENT FOR RELEASE**

Defendant requested that the Court release him on conditions to include, if the Court found it appropriate, home electric monitoring and supervision by a third-party custodian.  Defendant stated that his girlfriend would be available to act as a third-party custodian, although he acknowledged that the girlfriend was the complaining victim in a prior domestic assault incident for which Defendant is currently on probation.  Nonetheless, Defendant urged that his girlfriend would not take her role lightly, and stated that the two have been in couple's therapy.  The girlfriend lives in Defendant's apartment complex, but in a different unit, with her three children.  Defendant has two children whom he has a close relationship with and who live with their mother in Washington D.C.  Additionally, Defendant has a job as a cook at an assisted living facility and his supervisor describes him as reliable.

As to the nature of the offense, Defendant argued that—although guns are dangerous—he did not brandish the gun or use it in any way during the conduct in question.  He stressed the difference between *using* a gun and *possessing* a gun in terms of dangerousness.  Defendant also challenged the weight of the government's evidence, noting the facts underlying Defendant's arrest are based solely on the word of the special police officers and not on video evidence.  Defendant acknowledged that he has a significant criminal record and history of contempt but believes that conditions can be imposed to ensure the safety of the public.  Finally, Defendant argued that he has a history of complying with supervision and successfully completing probationary periods.

**NATURE AND CIRCUMSTANCES OF OFFENSE**

This factor weighs in favor of detention.  According to the government's proffer, which the Court accepts as true, Defendant possessed a gun at the time that he threatened a special police officer during a disagreement that arose between the two.  During the dispute, Defendant was agitated, upset, and threatening, and was carrying a satchel that held a Glock 23 and an extended 22-cartridge magazine.  The magazine contained 18 cartridges, and there was one cartridge in the chamber.  Additionally, it appears that Defendant was under the influence of alcohol.  These facts, together, are of great concern to the Court.

Defendant faces a serious charge that carries with it a significant period of incarceration if convicted—up to 15 years in prison. *See, e.g.*, *United States v. Blackson*, No. 23-cr-25, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) ("This is a serious crime, for which defendant is facing a term of imprisonment, if convicted, of 'not more than 15 years[.]'" (quoting 18 U.S.C. 924(a)(8)), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *United States v. Hardy*, No. 20-cr-273, 2021 WL 706547, at *2 (D.D.C. Feb. 23, 2021) (similar).

The Court recognizes that Defendant did not *use* the firearm. Nonetheless, the Court finds the nature and circumstances of the offense—a felon in *possession* of a loaded firearm engaging in threatening conduct directed towards a special police officer while under the influence of alcohol—indicate that Defendant would be a danger to the community on pretrial release. Judges of this Court have consistently recognized the inherent dangerousness of carrying a loaded firearm in public, irrespective of whether the defendant has used the firearm. *See Blackson*, 2023 WL 1778194, at *7 (finding that illegal possession of a loaded, concealed firearm "with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community" and that the absence of evidence that a gun was used "does little to detract from" that danger); *United States v. Gassaway*, No. 21-cr-550, 2021 WL 4206616, at *3 (D.D.C. Sep. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *United States v. Howard*, No. 20-mj-181, 2020 WL 5642288, at *3 (D.D.C. Sep. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community.").

In sum, Defendant was carrying a loaded gun with an extended magazine in public, while engaging in threatening conduct towards a special police officer, and while under the influence of alcohol. That is unquestionably dangerous conduct. Accordingly, this factor weighs in favor of pretrial detention.

### STRENGTH OF THE GOVERNMENT'S EVIDENCE

This factor also weighs in favor of detention. The government has proffered that there is body-worn video to support the allegation that gun was found on Defendant's person and has produced screenshots of this evidence. This evidence supports the statements of the special police officers. Combined with the government's factual proffer, discussed above, the government has provided a strong case to support a possessory offense against Defendant.

Accordingly, this factor weighs in favor of pretrial detention.

### DEFENDANT'S HISTORY AND CHARACTERISTICS

This factor weighs heavily in favor of pretrial detention. At the time of his arrest, Defendant was under supervision at the maximum level for assaultive conduct and for contempt. Despite being under supervision, Defendant has now accumulated another charge. These facts do not instill confidence in the Court that Defendant will be able to comply with conditions of release, if imposed here.

The Court acknowledges that the assault charge for which Defendant is currently on probation is a misdemeanor. Nonetheless, it is a violent offense. Defendant was convicted of choking the victim, his girlfriend, and there was a knife involved in the assault (although it is not clear whether Defendant or the victim possessed the knife). Courts have recognized that the danger to the community of a felon in possession of a gun is heightened where the defendant has a history of violence. *See, e.g.*, *Gassaway*, 2021 WL 4206616, at *5 ("[W]here [the defendant's] most recent criminal history includes a violent offense involving the use of a firearm, the Court is even more concerned that [his] inability to comply with the law would pose a danger to the community if he was released."); *United States v. Cole*, 459 F. Supp. 3d 116, 120 (D.D.C. 2020) ("[C]arrying a loaded firearm—especially if the carrier has a violent history, including a conviction for armed robbery—has the great potential to escalate into violence."). This is of particular concern given the suggestion that the same girlfriend take on the role of a third-party custodian in this case. The Court finds this suggested approach inconceivable under the circumstances.

While Defendant's most recent felony conviction occurred ten years ago, the underlying conduct is very concerning to the Court because of its similarity to the presently charged conduct: Defendant's possession of a gun and assaultive conduct on a police officer, which, in the earlier case, led to injuries to that police officer. Prior to that, in 2010, Defendant was convicted of another simple assault and resisting a police officer. Combined with the underlying conduct here, a troubling pattern emerges of Defendant engaging in assaultive conduct directed towards police officers.

Further, although Defendant appears to have a generally good track record on supervised release, he received two DUIs while on probation for the felony gun possession and assault on a police officer charges. And as stated above, he was on probation when he was arrested for the instant offense.

Altogether, the Court is not convinced that Defendant would comply with conditions of release, if imposed, particularly conditions relating to refraining from criminal conduct. This factor weighs heavily in favor of detention.

### DEFENDANT'S DANGEROUSNESS/RISK OF FLIGHT

This factor also weighs in favor of detention. For the reasons already stated, including Defendant's history of gun possession, violence, violence and forcible conduct towards police officers, and noncompliance of conditions of release, it is clear to the Court that Defendant presents a danger to the community.

### CONCLUSION

The Court concludes that the government has demonstrated by clear and convincing evidence that Defendant's release would pose a danger to the community that no combination of release conditions could reasonably mitigate.

Defendant is ordered detained pending trial in this matter